IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DERRICK HUNT | Civil Action No.<br>1:19-cr-00530-SDG-AJB |

**OPINION AND ORDER**

This matter is before the Court on the Omnibus Motion to Suppress and supporting brief [ECF 40; ECF 74] of Defendant Derrick Hunt. On October 6, 2021, the Court orally **DENIED** the motion and provided the basis for that denial on the record [ECF 77]. This Order supplements that oral ruling.

**I.    Background**

    **a.    Relevant facts**

Around midnight on July 7, 2012, two officers from the Roswell Police Department (RPD) were dispatched to a fast food restaurant in response to a call to Gwinnett County police about a missing, endangered juvenile (AP).[1] AP's father had called the police to alert them that she might be dropped off at the restaurant and might be with 25-year old males.[2] After about 90 minutes, AP still had not

---

1    ECF 53-1 (DX 1), at 3; ECF 58 (May 20, 2021 H'g Tr.), at 8–9.

2    ECF 53-1 (DX 1), at 3.

arrived. Dispatch contacted the father, who informed police that AP had not yet left for the restaurant.[3] The two officers left to respond to other calls.[4]

Some time later that evening, the father contacted dispatch and said that AP and the males were heading to the restaurant and would be there shortly.[5] AP was described as a white female, with blonde hair and blue eyes, five feet tall, and 100 pounds.[6] Around 2:30 a.m., a third officer (Sergeant Reach) observed a white Chevy Camaro drive into the parking lot of the restaurant and drop off a young woman who matched AP's description.[7] Sergeant Reach initiated a traffic stop of the Camaro, which was being driven by a man later identified as Hunt.[8] While being questioned, Hunt was purportedly "slightly uncooperative" and eventually gave Sergeant Reach an incorrect home address.[9] When running Hunt's name through various databases, Sergeant Reach found multiple reports about Hunt having a different address than the one he had provided.[10] A different officer

---

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

[6]   *Id.*

[7]   *Id.* at 3, 4; ECF 58 (May 20, 2021 H'g Tr.), at 30.

[8]   ECF 53-1 (DX 1), at 3.

[9]   *Id.*

[10]  *Id.*

spoke with AP.[11] AP and Hunt provided officers with different accounts of how they had met.[12] Because of those inconsistencies and the fact that AP had been reported as missing, Hunt was arrested.[13]

AP was then interviewed by the police for "several hours" and "admitted to a sexual relationship (sex for drugs) with HUNT. . . . She was not allowed to leave and stated that she had some form of sex, whether oral or vaginal, with HUNT at least twice a day. She also stated that he took nude photographs of her and believed that he had also videotaped their encounters."[14] AP further indicated that there were illegal drugs in Hunt's apartment.[15] Based on this information, Officer Mark MacDonald of RPD applied for and was granted two warrants later that morning (July 7). The first was to search Hunt's apartment and the second was to obtain Hunt's DNA.[16] Both warrants were obtained using the "Electronic Warrant Interface" (EWI), which allowed the officer applying for a warrant to video conference with the judge being asked to issue the warrant.[17] During the

---

[11]   *Id.*

[12]   *Id.* at 3–4.

[13]   *Id.* at 4.

[14]   ECF 72-1 (DX 4A), at 1. *See also* ECF 58 (May 20, 2021 H'g Tr.), at 14, 29–31.

[15]   ECF 72-1 (DX 4A), at 1.

[16]   ECF 72-2 (DX 4B); ECF 52-1 (GX 1), at 2; ECF 58 (May 20, 2021 H'g Tr.), at 31–33, 48.

[17]   ECF 58 (May 20, 2021 H'g Tr.), at 33–34, 43–45; ECF 71 (Sept. 17, 2021 H'g Tr.),

evidentiary hearing held by the Court, Officer MacDonald testified that RPD had never preserved the videos from warrant applications made using the EWI.[18]

Detective Zachary Kowalske of RPD was assigned to take photographs during the search of Hunt's apartment.[19] Officers seized (among other things) a computer and various electronic media.[20] It is possible the officers previewed the evidence on the computer during this search.[21] On July 25, 2012, Officer MacDonald obtained a second search warrant covering the data contained in these electronic devices.[22] A full forensic search of the computer was not conducted until after this warrant had been obtained.[23]

### b. Procedural Background

Hunt was charged with various violations of Georgia state law, and was federally indicted on one count of enticing a minor to engage in sexually explicit conduct for purposes of creating a visual depiction of such conduct in violation of

---

at 63–64.

[18] ECF 71 (Sept. 17, 2021 H'g Tr.), at 68.

[19] *Id.* at 70–71, 76.

[20] *Id.* at 65–66, 80–81; ECF 72-4 (DX 6A), at 7.

[21] ECF 71 (Sept. 17, 2021 H'g Tr.), at 79–80.

[22] ECF 58 (May 20, 2021 H'g Tr.), at 41–42; ECF 71 (Sept. 17, 2021 H'g Tr.), at 65–66; ECF 72-4 (DX 6A); ECF 72-5 (DX 6B).

[23] ECF 71 (Sept. 17, 2021 H'g Tr.), at 69, 79–81.

18 U.S.C. §§ 2251(a), (e).[24] On September 8, 2020, Hunt moved to suppress statements he made after the initial traffic stop; he amended that motion on September 17.[25] On November 16, Hunt filed an omnibus motion to suppress.[26] He later moved for an evidentiary hearing on all three filings.[27] The Court denied the original and amended motions as moot, and granted the motion for an evidentiary hearing.[28] The Court conducted the hearing on May 20 and September 17, 2021.[29] On September 24, Hunt supplemented his omnibus motion with a supporting brief.[30] The government responded to the omnibus motion on October 1.[31] During the final pretrial conference on October 6, the Court ruled from the bench, denying Hunt's motion.[32]

## II.  Discussion

In his supporting brief, Hunt seeks to suppress two categories of evidence. First, he asserts that everything seized from his home on July 7, 2012 should be

---

[24]  ECF 4 (Indictment).

[25]  ECF 34; ECF 36.

[26]  ECF 40.

[27]  ECF 45.

[28]  ECF 47.

[29]  ECF 50; ECF 70. Continuation of the evidentiary hearing was delayed because of a change in defense counsel. ECF 64; ECF 66; ECF 67.

[30]  ECF 74.

[31]  ECF 76.

[32]  ECF 77.

suppressed because the warrant application process did not comply with Georgia law. Second, he asserts that the computer seized from his apartment was searched without a proper warrant and that its contents must therefore be suppressed. Hunt's counsel confirmed during the October 6 hearing that Hunt has abandoned his other suppression arguments.

### a.     Failure to Record the Warrant Application Process

When Officer MacDonald applied for the July 7 search warrant, he did so electronically using the EWI, which established a video conference link with the judge.[33] However, that process was not videotaped—in violation of O.C.G.A. § 17-5-21.1(e).[34] Hunt therefore argues the warrant application was invalid and everything that was seized should be suppressed.[35] The government responds that the warrant affidavit was supported by probable cause, reflecting a "fair probability that evidence of a crime would be located" in Hunt's apartment.[36]

O.C.G.A. § 17-5-21.1 governs applications for search warrants made by video conference. Subsection (e) states:

---

[33]   ECF 58 (May 20, 2021 H'g Tr.), at 33–34; ECF 71 (Sept. 17, 2021 H'g Tr.), at 63–64.

[34]   ECF 71 (Sept. 17, 2021 H'g Tr.), at 67–68.

[35]   ECF 74, at 10.

[36]   ECF 76, at 5.

> A video recording of the application hearing and any documents submitted in conjunction with the application shall be maintained as part of the record.

Hunt suggests that the RPD's failure to comply with this mandatory condition precludes meaningful review of the validity of the warrant.[37] This Court disagrees.

The July 7 warrant was sworn to by Officer MacDonald and a judge from the Magistrate Court of Fulton County, Georgia.[38] It identified the address to be searched and the items seized.[39] And, as discussed below, it was supported by probable cause. Hunt has not pointed to any defect in the warrant application other than the lack of a recording of the process.[40] Nor has he cited any law suggesting that a failure to comply with the recording requirement creates a defect of constitutional magnitude sufficient to require suppression of the evidence seized pursuant to a warrant so obtained.

In *United States v. Gordon*, the Eleventh Circuit upheld the denial of a motion to suppress based on a failure to comply with the requirement in O.C.G.A. § 17-5-21.1 that the oath be recorded and that the recording be preserved. 686 F. App'x 702 (11th Cir. 2017) (per curiam). The court concluded that there was no error in

---

[37] ECF 74, at 5–6.

[38] ECF 52-1 (GX 1); ECF 58 (May 20, 2021 H'g Tr.), at 44–46.

[39] ECF 52-1 (GX 1), at 1. *See also* ECF 58 (May 20, 2021 H'g Tr.), at 48.

[40] *See generally* ECF 74.

the district court's finding (after an evidentiary hearing) that the warrant was valid and supported by an oath. *Id.* at 704. And, even if no oath had been administered, the officer swearing out the affidavit acted in good faith and in objectively reasonable reliance on the warrant, meriting application of an exception to the exclusionary rule. *Id.* (citing *United States v. Leon*, 468 U.S. 897, 922–23 (1984)).

The *Gordon* court also *expressly* rejected the argument Hunt makes here—that a failure to videotape the warrant application process makes the evidence seized pursuant to that warrant inadmissible in federal court:

> Gordon's argument that [the state magistrate judge's] failure to record the oath in compliance with Georgia law precluded the district court's finding that the evidence was admissible because an oath supported the warrant is inapposite because Georgia search and seizure law does not control the admissibility of evidence this case. *See United States v. Butera*, 677 F.2d 1376, 1380 (11th Cir. 1982) (holding that it is well settled that federal law governs the admissibility of evidence in federal criminal cases, and complaints that the evidence was seized in violation of state law are ineffective).

*Id.* at 705. In other words, the Court of Appeals refused to credit the defendant's contention that a failure by a state-court judge to comply with Georgia's procedural requirements in connection with issuing a search warrant necessarily made the evidence obtained pursuant to that warrant inadmissible in a *federal* proceeding. Accordingly, to the extent Hunt seeks to suppress the evidence seized from his apartment pursuant to the July 7 warrant, his motion is **DENIED**.

### b.   The July 7 Computer Search

Hunt also argues that any evidence obtained from the computer seized from his home must be suppressed because it was not obtained pursuant to a valid warrant. He first asserts that, during the search of his home on July 7, RPD officers reviewed files on his computer. Since the July 7 warrant permitted only *seizure* of the identified evidence, Hunt argues that viewing the contents of the computer was improper.[41] He compares the search of the computer's contents to the search of a closed container, for which a specific warrant is needed.[42] He also suggests that the only purpose for viewing the contents of the computer at that point was for (improper) investigative purposes.[43]

The government responds that the warrant affidavit established probable cause to seize ***and search*** the computer since the affidavit laid out why police believed evidence of a crime was likely to be contained on the electronic device.[44] The government also asserts that police were permitted to preview the information on the computer to make sure it was an item authorized to be seized by the July 7 warrant.[45]

---

[41]   *Id.* at 7–8.

[42]   *Id.* at 7.

[43]   *Id.* at 8.

[44]   ECF 76, at 6–7.

[45]   *Id.* at 7.

In pertinent part, the July 7 warrant states that the attesting officer has

> reason to believe in **FULTON** County, **GEORGIA,** on the person, premises or property described as follows . . . there is now located certain instruments, articles, person(s), or things, namely . . . computers, laptops, electronic data storage devices, *and any and all child pornographic images or data located within* . . . .[46]

Given the express "located within" language, the Court agrees with the government that the July 7 warrant permitted the police to search the contents of the computer in Hunt's home. Further, the RPD was authorized to (at a minimum) preview the computer's contents to determine whether it contained the type of images or data authorized to be seized.

In *United States v. Hill*, officers conducted a forensic search of Hill's computer during the execution of a search warrant on his home and found evidence of child pornography. 853 F. App'x 351 (11th Cir. 2021) (per curiam). Hill moved to suppress that evidence, arguing that the forensic search exceeded the scope of the search warrant which (Hill contended) only permitted authorities to seize the computer, not search it. *Id.* at 353. The warrant expressly authorized the seizure of "electronically stored communications or messages reflecting computer on-line chat sessions . . . ." *Id.* at 354. The district court concluded that, "[b]ased on the plain language of the warrant and the kinds of evidence identified in

---

[46] ECF 52-1 (GX 1), at 1. *See also* ECF 58 (May 20, 2021 H'g Tr.), at 48.

Attachment B, . . . the search warrant authorized agents to search for and to seize evidence that could only be accessed by turning on—and by examining the contents of—Hill's computer." *Id.* The Court of Appeals held that "[a] plain reading of the search warrant" and its attachment supported that conclusion. Similarly here, the July 7 warrant permitted officers to access the computer to determine whether it contained the type of evidence authorized to be seized—namely, child pornography.

Finally, Hunt insists that any search performed pursuant to the July 25 warrant (which specifically authorized search of the computer's contents) cannot cure the problems created by the initial, improper July 7 search.[47] The government responds that both the Eleventh Circuit and numerous other courts have rejected the proposition that a second warrant is necessary in order for the police to search the contents of a computer.[48] Since the July 7 search was clearly authorized, there was nothing improper that would preclude the admissibility of evidence collected from the July 25 forensic search.

---

[47]   ECF 74, at 8–9.

[48]   ECF 76, at 8–9.

**III.     Conclusion**

For the foregoing reasons and those stated on the record by the Court during the October 6, 2021 pretrial conference, Hunt's omnibus motion to suppress [ECF 40] is **DENIED**.

**SO ORDERED** this the 2nd day of December, 2021.

Steven D. Grimberg
United States District Court Judge